IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

KIMBERLY COONFIELD                                         PLAINTIFF

v.                  CIVIL NO. 18-5101

NANCY A. BERRYHILL, Commissioner
Social Security Administration                                   DEFENDANT

**MEMORANDUM OPINION**

Plaintiff, Kimberly Coonfield, brings this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of the Social Security Administration (Commissioner) denying her claims for supplemental security income (SSI) benefits under the provisions of Title XVI of the Social Security Act (Act). In this judicial review, the Court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. See 42 U.S.C. § 405(g).

Plaintiff protectively filed her current application for SSI on November 21, 2011, alleging an inability to work due to osteoarthritis involving multiple joints, obesity, chronic skin infections, cervical cancer and anxiety/depression. (Tr. 303, 440). An administrative hearing was held on August 27, 2013, at which Plaintiff appeared with counsel and testified. (Tr. 80-102).

In a written decision dated September 11, 2014, the ALJ found that Plaintiff retained the residual functional capacity (RFC) to perform light work with limitations. (Tr. 105-118).

Plaintiff requested review of the unfavorable decision by the Appeals Council. (Tr. 250-252). The Appeals Council vacated the ALJ's decision and remanded Plaintiff's case back to the ALJ for further development on February 1, 2016. (Tr. 125-129). A supplemental administrative hearing was held on August 30, 2016. (Tr. 50-79).

By written decision dated August 9, 2017, the ALJ found that during the relevant time period, Plaintiff had an impairment or combination of impairments that were severe. (Tr. 13). Specifically, the ALJ found Plaintiff had the following severe impairments: Osgood-Schlatter disease, osteoarthritis, degenerative disk disease, obesity, posttraumatic stress disorder (PTSD), a learning disability and borderline personality disorder. However, after reviewing all of the evidence presented, the ALJ determined that Plaintiff's impairments did not meet or equal the level of severity of any impairment listed in the Listing of Impairments found in Appendix I, Subpart P, Regulation No. 4. (Tr. 13). The ALJ found Plaintiff retained the residual functional capacity (RFC) to:

> perform light work as defined in 20 CFR 416.967(b) except that she can frequently handle and finger bilaterally and can operate foot controls with her left lower extremity only occasionally. The claimant is moderately limited in the abilities to understand, remember and carry out simple instructions, to make judgments on simple work related decisions, to interact appropriately with supervisors and coworkers and to respond appropriately to usual work situations and changes in a routine work setting. A moderate limitation means that the claimant has more than a slight limitation, but she can still function in a satisfactory manner. The claimant is also markedly limited in the abilities to understand, remember and carry out complex instructions, to make judgment on complex work related decisions and to interact appropriately with the public. A marked limitation means that the claimant has a serious limitation and a substantial loss in the ability to function effectively. In addition, the claimant is limited to work that does not require reading above the eighth grade level.

(Tr. 17). With the help of a vocational expert, the ALJ determined Plaintiff could perform work as a housekeeper, a routing clerk and an office helper. (Tr. 26).

Plaintiff then requested a review of the hearing decision by the Appeals Council, which denied that request on April 11, 2018. (Tr. 1-5). Subsequently, Plaintiff filed this action. (Doc. 1). This case is before the undersigned pursuant to the consent of the parties. (Doc. 5). Both parties have filed appeal briefs, and the case is now ready for decision. (Docs. 14, 15).

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Ramirez v. Barnhart, 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. The ALJ's decision must be affirmed if the record contains substantial evidence to support it. Edwards v. Barnhart, 314 F.3d 964, 966 (8th Cir. 2003). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently. Haley v. Massanari, 258 F.3d 742, 747 (8th Cir. 2001). In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. Young v. Apfel, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs. For the reasons stated in the ALJ's well-reasoned opinion and the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds that the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice. See Sledge v. Astrue, No. 08-0089, 2008 WL 4816675 (W.D. Mo. Oct. 31, 2008) (summarily affirming ALJ's denial of disability benefits), aff'd, 364 Fed. Appx. 307 (8th Cir. 2010).

DATED this 27th day of June 2019.

/s/ *Erin L. Wiedemann*
HON. ERIN L. WIEDEMANN
UNITED STATES MAGISTRATE JUDGE